# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JESUS P. LOVATO,

    Plaintiff,

   v.                                                                                              No. 17-CV-00544-RB-SMV

SAN JUAN COUNTY ADULT
DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Jesus P. Lovato's Complaint For Violation of Civil Rights, filed on May 10, 2017. (Doc. 1.) Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, the Court will dismiss Plaintiff's complaint for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and grant Plaintiff leave to file an amended complaint within thirty days from the date of entry of this Memorandum Opinion and Order.

Plaintiff is a pretrial detainee incarcerated at the San Juan County Adult Detention Center. (Doc. 1 at 2, 4.) Plaintiff's complaint alleges that Defendant San Juan County Adult Detention Center is depriving him of proper medical care in violation of the Fifth and Eighth Amendments to the United States Constitution. (*Id.* at 3.) Specifically, Plaintiff alleges that he has a hypoglycemic disorder, which requires him to have his blood sugar levels checked daily, but his blood sugar levels are only being checked once a week. (*Id.* at 3, 4.) Plaintiff further

alleges that he is not being provided with the diabetic snacks prescribed by his doctor to help regulate his blood sugar. (*Id.* at 3, 4.) Plaintiff's complaint seeks punitive damages in the amount of twenty-five million dollars. (*Id.* 1 at 5.)

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

The Fifth Amendment right to be free from the deprivation of "life, liberty, or property, without due process of law," U.S. Const., amend. V, is not applicable to the states. *See Sawyer v. Burke*, 504 F. App'x 671, 673 (10th Cir. 2012) (noting that the Fifth Amendment was not implicated because the plaintiff had "only alleged constitutional violations committed by agents of the State of Kansas"). The Fourteenth Amendment, however, prohibits the states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV. Because the sole defendant named in Plaintiff's complaint is a governmental sub-unit of San Juan County of the State of New Mexico, the Court liberally will construe Plaintiff's Fifth Amendment claim as a Fourteenth Amendment claim. *See id.* at 673–74 (construing the plaintiff's Fifth and Fourteenth Amendment claims "to be one in the same").

"Under the Fourteenth Amendment due process clause, pretrial detainees are . . . entitled to the degree of protection against denial of medical attention which applies to inmates under the Eighth Amendment." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). "Although the constitutional standard for adequate health care has not been fully spelled out, the Supreme Court has held in the context of a [42 U.S.C.] § 1983 action for damages and injunctive relief that only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks and citation omitted). "Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for medical

3

treatment." *Id.*

Plaintiff is proceeding under 42 U.S.C. § 1983, and "[a] cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Although municipalities and local governments are "persons" who may be sued under § 1983, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), "[g]enerally, governmental sub-units are not separate suable entities that may be sued under § 1983."[1] *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010). Defendant San Juan County Adult Detention Center is a governmental sub-unit and, as such, it "is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n.3 (10th Cir. June 21, 2000); *see also White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). Therefore, Plaintiff's § 1983 claims against Defendant San Juan County Adult Detention Center will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Court will grant Plaintiff leave to file an amended complaint within thirty days of the date of entry of this Memorandum Opinion and Order. Plaintiff's amended complaint must identify the person or persons responsible for the alleged deprivation of medical care and "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013) (holding that "the plaintiff's

---

[1] New Mexico state law governs the capacity of a governmental entity to be sued. *See* Fed. R. Civ. P. 17(b). Under New Mexico law, counties are granted the same powers as municipalities and, therefore, may sue and be sued. *See* NMSA 1978, §§ 3-18-1(A); 4-37-1. However, suits against a New Mexico county must be brought against "the board of county commissioners of the county of [the appropriate county]." NMSA 1978, § 4-46-1.

facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights. . . . Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983 . . . claim") (internal quotation marks and citations omitted). Failure to timely file an amended complaint may result in the dismissal of this action without further notice.

IT IS THEREFORE ORDERED that Plaintiff's Complaint For Violation of Civil Rights (Prisoner Complaint) (Doc. 1) is DISMISSED without prejudice; and Plaintiff is granted thirty days from the date of entry of this Memorandum Opinion and Order in which to file an amended complaint;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail to Plaintiff, together with a copy of this Memorandum Opinion and Order, a form § 1983 complaint, with instructions.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE