IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESUS P. LOVATO,

    Plaintiff,

    v.                                                     No. 17-CV-00544-RB-SMV

SAN JUAN COUNTY ADULT
DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Jesus P. Lovato's response to the Court's November 7, 2017 Memorandum Opinion and Order (Doc. 11), which the Court liberally will construe as an amended complaint. Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, Plaintiff's amended complaint will be dismissed in part for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

As explained in the Court's November 7, 2017 Memorandum Opinion and Order, Plaintiff is a pretrial detainee incarcerated at the San Juan County Adult Detention Center (SJCADC). (Doc. 10 at 1.) On May 10, 2017, Plaintiff filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983, alleging that Defendant SJCADC is depriving him of proper medical care, in violation of the Fifth and Eighth Amendments to the United States Constitution. (Doc. 1 at 3.) The Court dismissed Plaintiff's complaint because Defendant SJCADC is a governmental sub-unit and, as such it is "not a person or legally created entity capable of being

sued" under § 1983. (Doc. 10 at 4 (quotation omitted).) The Court granted Plaintiff 30 days in which to file an amended complaint that states a claim upon which relief may be granted. (*Id.* at 5.) The Court notified Plaintiff that his "amended complaint must identify the person or persons responsible for the alleged deprivation of medical care and 'must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated.'" (*Id.* at 4 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)).)

In response, Plaintiff filed the present "Amendment," which is a "clarification of civil rights complaint in regards to the lack of proper medical attention." (Doc. 11 at 1.) In his Amendment, Plaintiff alleges that he was "prescribed 2 hypoglycemic snacks per day to continue for the entire duration of the pre-trial incarceration of the plaintiff." (*Id.*) Despite the existence of this prescription, Plaintiff alleges that in "April of 2016 Ginger Wheiler (medical staff) cancelled plaintiff's evening hypoglycemic snack due to the fact that the plaintiff requested 1 additional tums tablet for heartburn. Then on Jan. of 2017 the snacks were discontinued completely." (*Id.*) Plaintiff further alleges that "medical staff no longer tests plaintiff's blood-sugar," even though his hypoglycemic disorder still exists. (*Id.*) Plaintiff asks the Court "to include and/or switch" the named Defendant to "San Juan County, N.M." (*Id.* at 2.)

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This liberal rule of construction, however, "does not relieve plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* This Court has the authority under

28 U.S.C. §§ 1915(e)(2)(B) and 1915A to dismiss a complaint, at any time, if it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court liberally will construe Plaintiff's "Amendment" as an amended civil rights complaint under 42 U.S.C. § 1983 against San Juan County. To the extent that Plaintiff seeks to reassert his civil rights claims against Defendant SJCADC under § 1983, these claims will be dismissed because, as previously explained in the Court's November 7, 2017 Memorandum Opinion and Order, Defendant SJCADC is a governmental sub-unit and, as such it is "not a person or legally created entity capable of being sued" under § 1983. (Doc. 10 at 4 (quotation omitted).) Therefore, Defendant SJCADC will be dismissed as a party to this action.

A civil rights action against a New Mexico county must be brought against "the board of county commissioners of the county of [the appropriate county]." N.M. Stat. Ann. § 4-46-1 (1978). Therefore, the Court liberally will construe Plaintiff's amended complaint as naming the Board of County Commissioners of the County of San Juan as a defendant. It is well established that a county cannot "be held liable *solely* because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978). Rather, counties "are subject to liability [under § 1983] only for their official policies or customs." *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989); *see also Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Plaintiff's amended complaint does not allege that the Board of County Commissioners of the County of San Juan had an official policy or custom that caused the

alleged violation of his constitutional rights and, therefore, Plaintiff's § 1983 claims against the Board of County Commissioners of the County of San Juan will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(1).

Although not named as a defendant in the caption, Plaintiff alleges in the body of his amended complaint that Ginger Wheiler "cancelled Plaintiff's evening hypoglycemic snack" despite the existence of a valid prescription. (Doc. 11.) "[I]n a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are." *Trackwell v. United States*, 472 F.3d 1242, 1243–44 (10th Cir. 2007). Plaintiff's amended complaint appears to allege that Ginger Wheiler violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution and, therefore, Ginger Wheiler will be added to the caption as a defendant. *See Ayers v. Uphoff*, 1 F. App'x 851, 851 (10th Cir. 2001) (holding that the failure to provide "a special medical diet that is prescribed for an inmate by a prison physician" may establish a violation of the Eighth Amendment). The Court determines that Plaintiff's § 1983 claims against Defendant Wheiler are not subject to summary dismissal and, therefore, the Clerk of the Court will be directed to send her notice and waiver of service forms. *See* Fed. R. Civ. P. 4(d).

IT IS THEREFORE ORDERED that Defendant SJCADC is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to add the Board of County Commissioners of the County of San Juan and Ginger Wheiler to the caption as defendants;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Board of County Commissioners of the County of San Juan are DISMISSED without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(1);

IT IS FURTHER ORDERED that the Clerk of the Court is directed to send notice and waiver of service forms, along with a copy of the amended complaint (Doc. 11) and this Memorandum Opinion and Order, to Defendant Wheiler at San Juan County Adult Detention Center, 871 Andrea Dr., Farmington, NM 87401.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE